**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| BARBARA BROWN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Civil Action No. <u>2:25-cv-04586</u>-RMG |
| | ) | |
| DELTA AIRLINES, INC.; and SOCIETE | ) | COMPLAINT |
| AIR FRANCE CORP., SOCIETE AIR | ) | JURY TRIAL DEMANDED |
| FRANCE d/b/a AIR FRANCE, | ) | |
| | ) | |
| | ) | |
| *Defendants* | ) | |
| _____ | ) | |

COMES NOW Plaintiff Barbara Brown, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, files this Complaint for Damages against Defendants Delta Airlines Inc., and Societe Air France, doing business as Air France Inc., alleging as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Barbara Brown, hereinafter "Plaintiff", at all times referenced herein, is a natural person, domiciled in the State of South Carolina, who suffers from a neurological disease and requested wheelchair assistance when traveling.

2. Defendant Delta Airlines Inc., hereinafter "Delta", is a corporation incorporated under the laws of Delaware and its principal place of business is in Atlanta, Georgia; located at 1030 Delta Blvd, Dept 982, Atlanta, GA, 30354, USA.

3. Defendant Societe Air France, d/b/a/ Air France and hereinafter "Air France", was a foreign business corporation, with a principal place of business at 1460 Broadway, 24th Floor, New York, NY, 10018, USA.

1

4. Air France and Delta entered into a trans-Atlantic joint venture agreement on April 1, 2008. The agreement allows the airlines to collaborate on flights between North America and Europe, sharing revenue and costs

5. Defendants Delta and Air France are common carriers providing scheduled airline service to the public for a fee, and as common carriers they owe the highest duty of care to the Plaintiff who, at all times relevant herein, was a fare-paying passenger who traveled on the Defendants' airlines.

6. Jurisdiction over these claims as well as Delta and Air France exists pursuant to 28 U.S.C. § 1331 under a treaty of the United States of America, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929 (known as the "Warsaw Convention") 49 stat., Part II, p.3000, 2 Bevans 983, 137 L.N.T.S. 11, as modified by the Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature on 28 May, 1999 ICAO Doc. 9740 ("known as the "Montreal Convention"), and the 1995 IATA/Intercarrier Agreement which, among other things, eliminates any limitation on damages. Both the United States of America and France are signatories to the Warsaw and Montreal Treaties. Delta and Air France are signatories to the IATA agreement.

7. Furthermore, this court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

**VENUE**

8. Venue in this district satisfies the requirements of 28 U.S.C. § 1391 in that, as set out in this Complaint, Defendants, Delta Airlines Inc. and Societe Air France Corp., Societe

2

Air France d/b/a Air France, conduct substantial business in and are subject to personal jurisdiction in this district including substantial operations and flights at Charleston International Airport in North Charleston, South Carolina. Venue in this district satisfies the requirements of § 1391 and Defendants are subject to personal jurisdiction in this district and has sufficient contacts with this district for this court to exercise both jurisdiction and venue.

## GENERAL ALLEGATIONS

9. On or about May 1, 2024, Plaintiff Barbara Brown was a ticketed passenger on a flight from Manchester, England to Charleston, South Carolina with a scheduled stop to change aircraft at Charles De Gaulle (hereinafter CDG) in Paris, France. Defendant Delta sold the ticket to Plaintiff and made representations to Plaintiff, both through its contract of carriage and its agents, that Defendant Delta, and its affiliate partner Air France, would provide wheelchair services to Plaintiff for her travel.

10. Plaintiff suffers from Parkinson's disease which makes it difficult for her to get around, especially while traveling. Due to the effects of this disease on the Plaintiff, when purchasing her ticket in advance of her travel, the Plaintiff requested accommodation in the form of a wheelchair. The ticket she received also included an annotation indicating that she required assistance.

11. Plaintiff Barbara Brown arrived at CDG in Paris, France, for her connecting flight on Air France Flight 8249, holding a valid ticket.

12. Upon her arrival at CDG, the Plaintiff immediately encountered unexpected and injurious difficulties related to her requested accommodation.

13. As she disembarked from her previous flight from Manchester, England, a porter met her at the gate with a wheelchair and instructed the Plaintiff to take a seat.

14. While transporting the Plaintiff to her connecting flight, the porter, acting carelessly, failed to secure the wheelchair in a safe and appropriate manner, causing the Plaintiff to fall backwards out of the wheelchair, striking her head on the concrete and subsequently losing consciousness.

15. When Plaintiff came to, she was disoriented and unaware of her surroundings.

16. Plaintiff has endured lasting physical injuries and psychological distress as a result of this horrible incident, substandard treatment and Defendants breach of their duties of care. The Plaintiff relied on the Defendants for safe transportation while in their care and, instead, received quite the opposite.

## FIRST CAUSE OF ACTION
### *NEGLIGENT MISREPRESENTATION*

17. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all other paragraphs of this Complaint.

18. When Plaintiff purchased her airline ticket, Defendant Delta led her to believe that by requesting wheelchair assistance, the Defendants would ensure that, while transporting her via wheelchair, their staff, employees, and/or agents would assist her in a safe and appropriate manner.

19. During the course of Plaintiff's travels, the care provided by the Defendants was neither safe nor appropriate. Rather, the Plaintiff was endangered and forced to endure physical and mental injuries as a result of the Defendants' inadequate care.

4

20. The Plaintiff relied on Defendants' promise of safe wheelchair assistance during her travels.

21. Defendants' misrepresentation caused Plaintiff great distress as well as intense emotional and physical pain.

22. Plaintiff requests compensation for the physical and emotional pain as well as the suffering she has endured and continues to endure. She also seeks reimbursement for the bills and expenses she has incurred, as well as all other compensation the court and jury deem just and proper.

## SECOND CAUSE OF ACTION
*BREACH OF DUTY OF A COMMON CARRIER TOWARD DISABLED OR INFIRM PASSENGERS*

23. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, all other paragraphs of this Complaint.

24. When Defendants failed to provide the adequate wheelchair assistance that the Plaintiff requested, and as noted on her ticket, Defendants egregiously violated the duty of common carriers toward infirm passengers, a duty which binds them to provide as much additional care as is reasonably necessary to ensure the passenger's safety.

25. Defendants conduct did not meet the necessary level of care required of common carriers toward infirm passengers.

26. Defendants endangered Plaintiff's physical safety and emotional well-being.

27. Plaintiff requests compensation for the physical and emotional pain and suffering she has incurred, as well as all other compensation the court and jury deem just and proper.

## THIRD CAUSE OF ACTION
*NEGLIGENCE*

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all other paragraphs of this Complaint.

29. During the course of Plaintiff's travels, Defendants were negligent in their failure to provide her with adequate wheelchair assistance.

30. Defendants' treatment of Plaintiff fell below the standard of reasonable care and the highest duty of care owed to airline passengers.

31. The failure to provide adequate wheelchair connection assistance caused great hardship and suffering to the Plaintiff, causing her to be injured when her wheelchair fell over causing her injury.

32. During her travel with Defendants, Defendants' staff, employees and/or agents did not take reasonable care to ensure Plaintiff was not harmed.

33. While Plaintiff was already suffering from her condition prior to traveling with the Defendants, their actions and inactions have complicated her condition.

34. Plaintiff requests compensation for the physical and emotional pain and suffering she has endured and continues to endure. She also seeks reimbursement for bills and expenses she has incurred, as well as all other compensation the court and jury deem just and proper.

**FOURTH CAUSE OF ACTION**
*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all other paragraphs of this Complaint.

36. Defendants caused Plaintiff great mental and emotional anguish.

37. Traveling is a time of great vulnerability for the infirm who must rely on the assistance and accommodation of others.

38. Defendants' conduct toward Plaintiff was extreme and outrageous, which intentionally or recklessly caused severe emotional distress and bodily harm to Plaintiff.

39. During her travel with Defendants, Plaintiff was pressed beyond her physical and emotional limits by Defendants.

40. Traveling in and of itself can be stressful, but for Plaintiff, this trip became dangerously so due to Defendants' outrageous conduct, resulting in Plaintiff's severe emotional distress and physical injury.

41. Defendants' actions and that of their agents were intentional and/or reckless and their actions crossed the bounds of human decency and were, at minimum, intolerable.

42. Plaintiff requests compensation for the emotional pain and suffering she has endured, as well as all other compensation the court and jury deem just and proper.

**FIFTH CAUSE OF ACTION**
*NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

43. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, all other paragraphs of this Complaint.

44. During her travel with Defendants, the Defendants agents repeatedly failed to take the necessary precautions to ensure Plaintiff was protected from harm and provide the standard of care for which they owed a duty to Plaintiff.

45. Defendants knew or should have known their conduct would inflict emotional distress and their conduct was of such nature as to be outrageous, intolerable and offended the generally accepted standards of human decency.

7

46. Each of Defendant's agents who failed to provide adequate assistance to Plaintiff were grossly negligent, failed to properly respond to Plaintiff's physical condition and care for Plaintiff as required by law and common decency.

47. Plaintiff requests compensation for the emotional pain and suffering she has endured, as well as all other compensation the court and jury deem just and proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests:

1. Compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

2. Exemplary and punitive damages according to proof and as allowed by law;

3. Costs of suit, expenses and attorney fees as allowed by law;

4. For such other and further relief as court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and causes of this action.

Dated: May 28, 2025

Respectfully submitted,

*/s/* James R. Brauchle
James R. Brauchle, Esq. (D.S.C. 8014)
Olutola Familoni, Esq. (D.S.C. 14257)
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile: 843-216-9450
jbrauchle@motleyrice.com

8

tfamiloni@motleyrice.com

*Attorneys for Plaintiff*