**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Barbara Brown,<br><br>        Plaintiff,<br>   v.<br><br>Delta Air Lines, Inc.; and Societe Air France Corp., Societe Air France, d/b/a Air France,<br><br>        Defendants. | Case No. 2:25-cv-4586-RMG<br><br>**ORDER AND OPINION** |

      This matter is before the Court on Defendants' motion to dismiss based upon (1) this Court's alleged lack of personal jurisdiction over Defendant Air France; (2) *forum non conveniens* on the basis that France is a more convenient forum; (3) failure to name Groupe ADP as a necessary and indispensable party; and (4) failure to state a claim under the Montreal Convention. (Dkt. No. 12). Plaintiff has filed a response in opposition to the motion to dismiss and Defendants have filed a reply. (Dkt. Nos. 15, 17). For the reasons set forth below, the motion to dismiss is denied.

**I.    Background**

      Plaintiff, who suffers from Parkinson's Disease, booked a roundtrip flight through Defendant Delta Air Lines from Charleston, South Carolina to Manchester, England in which Delta's Sky Alliance Partner, Defendant Air France, provided the return flights from Manchester to Paris and from Paris to Atlanta, Georgia. (Dkt. No. 1 at 3; Dkt. No. 12 at 2). Because of her physical disabilities, Plaintiff arranged for wheelchair assistance to be provided by Air France in Charles De Galle Airport as she disembarked from one Air France flight and was transferred to embark on another Air France flight. As Plaintiff was disembarking from the Manchester to Paris flight, she was met at the gate with a wheelchair. While being transported in the wheelchair, the

1

attendant allegedly "failed to secure the wheelchair in a safe and appropriate manner, causing Plaintiff to fall backwards out of the wheelchair, striking her head on the concrete and subsequently losing consciousness." (Dkt. No. 1 at 4). Plaintiff alleges that she suffered "lasting physical injuries and psychological distress" because of this incident. (*Id*.).

Within weeks after this incident, Air France wrote Plaintiff expressing the "deepest regret and sincere apologies for the unfortunate incident that occurred during your recent visit to Charles De Gaulle Airport. It has come to our attention that you experienced a fall from a wheelchair while under our care, and for this, we are truly sorry." (Dkt. No. 15-4 at 1). Air France went on to say that "[t]he incident falls short of the standards of service and care we strive to uphold for all of our passengers, and we take full responsibility for any discomfort, inconvenience, or distress it may have caused you." (*Id*.). Finally, Air France stated that it was implementing corrective measures "to prevent such occurrences in the future" and was committed to "learning from this experience and improving our protocols and procedures to better serve our passengers." (*Id*.).

Plaintiff asserted her claim under the Montreal Convention, noting that both Defendants were signatories of the treaty. (Dkt. No. 1 at 2). Plaintiff asserts that she is pursuing her claim under the strict liability provision of Article 17 of the Montreal Convention by limiting her claim to 128,821 Special Drawing Rights under the treaty. (Dkt. No. 15 at 16).

## II.  Legal Standard

### A.  Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint by challenging the plaintiff's standing. *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, contending that the allegations in the complaint are insufficient to establish

2

subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (alteration in original). When a defendant facially challenges the complaint, "the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration," meaning a court must accept all factual allegations in the complaint as true. *Id.* at 192 (citation omitted); *see also S.C. State Conf. of NAACP v. Alexander*, No. 3:21-cv-03302-JMC, 2022 WL 453533, at *1 (D. S.C. Feb. 14, 2022) ("The same standard generally applies to both a motion to dismiss for failure to state a claim under Rule 12(b)(6) and a motion to dismiss for lack of standing under Rule 12(b)(1).") (citation omitted). For a factual challenge, on the other hand, the court may go beyond the complaint to resolve the disputed jurisdictional facts. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citation omitted).

    **B. Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.") (citation and punctuation omitted). To be legally sufficient, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, "the court should accept as true

all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id*. (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

### III.  Discussion

#### A.  Jurisdiction over Air France

Defendant Air France contends that it has insufficient contacts to subject it to general or specific jurisdiction in South Carolina and that the exercise of jurisdiction over Air France in South Carolina would be unreasonable. (Dkt. No. 12 at 14-20). Plaintiff asserts Air France is subject to the Court's jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure, which provides that a defendant "not subject to jurisdiction in any state's courts of general jurisdiction" is subject to federal court jurisdiction if the claim arises under federal law and the exercising of jurisdiction over the party is consistent with the United States Constitution and laws. *See Hardy v. Scandinavian Airlines System*, 117 F.4th 252, 263 (5th Cir. 2024).

A threshold issue is whether a personal injury claim arising under the Montreal Convention arises under federal law. It is well settled that a claim arising under the Montreal Convention has federal question jurisdiction under 28 U.S.C. § 1331. *Hardy*, 117 F.4th at 263; *Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F. Supp. 2d 343, 360 (E.D.N.Y. 2012).

A plaintiff seeking jurisdiction over a foreign party under Rule 4(k) must show that the party is not subject to the general jurisdiction of any state. For jurisdictional purposes, a

4

corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business.  Air France readily acknowledges that it is "a French corporation with its principal place of business in France." (Dkt. No. 12 at 15).  Air France has regularly taken this same position in other United States litigation. *E.g.*, *Seisay v. Compagnie Nationale Air France*, No. 95 CIV. 7660, 1996 WL 665627, at *2 (S.D.N.Y. 1996) (removal from New York state court because Air France is organized under the laws of the Republic of France with its principal place of business in Paris).  As such, Air France is not subject to the general jurisdiction of any state in the United States.

Finally, a plaintiff seeking to obtain jurisdiction over a foreign corporation under Rule 4(k) must show that exercising jurisdiction over the party comports with due process. This requires a showing that the foreign party purposely availed itself of the privilege of conducting activities within the United States, that the claim arises out of the party's purposeful contacts with the United States, and that the exercising of jurisdiction over the party would be fair and reasonable.  *Hardy*, 117 F.4th at 265-68.  Fairness and reasonableness are weighed by five factors: (1) the burden on the nonresident defendant; (2) the forum's interest; (3) the plaintiff's interest in securing relief; (4) the interest in the efficient administration of justice; and (5) interest of the forums in furthering fundamental social policies. *Id.* at 267.

Air France has certainly purposefully availed itself of the United States traveling market, aggressively advertising, partnering with and jointly selling tickets with members of the Skyteam Alliance, including Defendant Delta Air Lines, employing persons in the United States to service its lounges, airplanes, terminals and offices, and leasing properties.  (Dkt. No. 15 at 8-9).  Such purposeful and extensive contacts by a foreign based airline have been found sufficient to demonstrate that that the foreign airline purposefully availed itself of the United States market.

5

*Hardy*, 117 F.th at 265-66; *Josifoski v. Austrian Airlines Osterreichische Luftverkehrs AG*, No. 2:24-cv-12103, 2025 WL 2803355, at *4-5 (E.D. Mich. 2025).

The plaintiff must additionally show that the claim arises out of or is related to the foreign party's activities in the United States. In *Ford Motor Company v. Montana Eighth Judicial Court*, 592 U.S. 351, 362 (2021), the Supreme Court held that in the sphere of specific jurisdiction, there is not always a requirement for proof of causation arising out of the defendant's forum state activities and that "some relationships will support jurisdiction without a causal showing." Thus, where a foreign corporation has "continuously and deliberately exploited" a market, it must reasonably anticipate being haled into a court to defend actions based on its products causing injury there. *Id*. at 364.

Applying the *Ford* standard, the Fifth Circuit in *Hardy* held that the defendant foreign airline's extensive advertising in the United States and operation of a flight out of the United States, culminating in the plaintiff's injury in the Oslo Airport, were sufficient to show that the defendant's "purposeful contacts in the U.S. combined to create an unbroken causal chain that ends with Hardy's injury." *Id*. at 266. Using this same analysis, the district court in *Josifoski* concluded that the foreign airline defendants "should reasonably anticipate being haled into court in the United States for an injury to a U.S. citizen on a Star Alliance flight that they operated from the United States." 2025 WL 2803355, at *5 (emphasis removed). Here, this same analysis is equally applicable to Plaintiff's claims.

Finally, the plaintiff must show that exercising jurisdiction over Air France in these circumstances is fair and reasonable. This requires the Court to weigh several factors including the relative burdens on the defendant and plaintiff based upon whether the claim would be litigated in the United States or in France. Foreign airlines, including Defendant Air France, frequently

6

litigate claims arising under the Montreal Convention in the United States federal courts. The issue of "federal jurisdiction vs. litigation in a foreign forum" is commonly raised, and district courts, based on the specific factual circumstances of the case, have at times elected to exercise jurisdiction over the claims and at other times declined to exercise jurisdiction.[1]

The burden on Air France to adjudicate Plaintiff's claim in the United States is not particularly burdensome or uncommon for the company. Air France has litigated dozens of cases in the federal district courts of the United States. On the other hand, Plaintiff, who suffers from Parkinson's Disease, has a strong interest in litigating in a forum that does not require her to engage in costly and physically challenging foreign travel. Additionally, the United States has a strong interest in allowing its citizens who purchase tickets from foreign airlines marketed in the United States and who then suffer injuries subject to Article 17 jurisdiction to have a United States forum to adjudicate their claims if this can be accomplished in a way consistent with controlling legal and constitutional standards. Further, the adjudication of claims under the strict liability provisions of Article 17 can be efficiently and effectively handled by this Court without undue burden.

---

[1] Cases in which federal courts have exercised jurisdiction over foreign airlines for injuries suffered by American citizens arising under Article 17 of the Montreal Convention which occurred in foreign airports include *Hardy v. Scandinavian Airlines System*, 117 F.4th 252, 263-68 (5th Cir. 2024), *Gezzi v. British Airways PLC*, 991 F.2d 603, 604-05 (9th Cir. 1993), *Josifoski v Austrian Airlines Osterreichische Luftverkehrs AG*, No. 2:24-cv-12103, 2025 WL 2803355, at *2-8 (ED Mich. 2025), and *Chukwu v. Air France*, 218 F. Supp. 2d 979, 983-90 (N.D. Ill. 2002). Cases in which district courts have declined to exercise jurisdiction over foreign airlines for injuries to passengers in foreign airports include *Eldeeb v. Delta Airlines, Inc. and Societe Air France, S.A.*, No. 18-1128, 2018 WL 6435739 at *2-3 (D. Minn. 2018), *Diaz v. Societe Air France Co.*, No. 20-20057, 2022 WL 1400658, at *2-7 (S.D. Fla. 2022), and *Burton v. Air France-KLM*, No. 3:20-cv-01085-IM, 2020 WL 7212566, at *4-7 (D. Or. 2020). The outcome of the jurisdictional challenges by the foreign airlines is directly tied to the specific facts of each case.

In sum, this Court finds persuasive the reasoning and holdings of *Hardy* and *Josifoski*, which found the exercise of jurisdiction proper over foreign airlines in circumstances analogous to the facts presented in Plaintiff's claim. After carefully weighing all relevant factors, the Court finds that it has jurisdiction over Air France in this matter.

    B.  <u>Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds</u>

Defendants argue that this Court should dismiss this action based on *forum non conveniens*. (Dkt. No. 12 at 5-14). Defendants assert that France is the superior forum to litigate these claims, and that the private and public interests favor dismissal. Additionally, Defendants argue that a large proportion of the relevant evidence is in France and that eyewitnesses to the incident could not be compelled to appear in the United States. (*Id.* at 9-10). Plaintiff asserts that since she is limiting her damages to Special Drawing Rights, which imposes strict liability on Defendants under Article 17, the primary relevant witnesses are Plaintiff's treating physicians who all reside in South Carolina. (Dkt. No. 15 at 13-14, 16-17). Plaintiff does not contest the fact that France is an alternative adequate forum. Defendants argue in reply that they have the right to contest whether an "accident" actually occurred and would need access to eyewitnesses to the incident. (Dkt. No. 17 at 4-5).

The Fourth Circuit in *Compania Naviera Joanna SA v. Koninkluke Boskalis Westminster*, 569 F.3d 189, 200 (4th Cir. 2009) sets forth fact intensive standards to be considered by a district court in addressing a *forum non conveniens* motion seeking an alternative forum outside the United States. These include (1) the ease of access to sources of proof; (2) the availability of compulsory process to securing unwilling witnesses; (3) the costs of obtaining the attendance of witnesses; (4) the ability to view premises; (5) the general facility and cost of trying the case in a selected forum; and (6) the public interest, including administrative difficulties, the local interest of having

8

localized controversies decided at home, and the interest of trying the case where the substantive law applies. *See also Piper Aircraft Company v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

In weighing these factors, the Court must initially address the issue of whether the liability of Defendants is substantially at issue under the facts presented in this case. Plaintiff asserts that while being transported from one Air France flight to another, the attendant "acting carelessly, failed to secure the wheelchair in a safe and appropriate manner, causing the Plaintiff to fall backwards out of the wheelchair, striking her head on the concrete and subsequently losing consciousness." (Dkt. No. 1 at 4). Defendants assert they have the right to dispute whether this incident was an "accident" under Article 17 of the Montreal Convention and whether they have legal responsibility for the incident under the treaty. (Dkt. No. 17 at 2, 4).

The record presently before the Court does not in any way challenge Plaintiff's allegations in the Complaint about the circumstances of her fall from the wheelchair "backward" onto a concrete floor. An accident under the Montreal Convention is defined as "an unexpected or unusual event or happening that is external to the passenger." *Doe v. Etihad Airways, P.J.S.C.*, 870 F.3d 406, 433 (6h Cir. 2017). Under the facts before the Court, it is hard to imagine a credible argument that this unfortunate incident was anything but an "accident." Further, the only additional information in the record beyond the allegations of the Complaint is from a communication that Air France sent to Plaintiff, in which the airline expressed its "deepest regret and sincere apologies for the unfortunate incident" of "a fall from a wheelchair while under our care." (Dkt. No. 15-4 at 1). Air France went on to state that the "incident falls short of the standards of service and care that we strive to uphold for all our passengers, and we take full responsibility" for the injuries suffered.

9

Based upon the record before the Court, the issue of liability under Article 17 is not seriously in contest. Air France admitted to Plaintiff, before it lawyered up for this lawsuit, that her injuries occurred "while under our care" and that the incident "falls short of the standards of service and care that we strive to uphold for all of our passengers." (Dkt. No. 15-4 at 1). Thus, the primary remaining issue is damages, and Plaintiff's damages witnesses are based entirely in South Carolina, not France. To require Plaintiff in her compromised physical condition to travel to France for trial and to cover the cost of transporting her treating doctors to testify (assuming that they would voluntarily appear) would be cost prohibitive and unduly burdensome. Thus, when weighing such factors as cost and relative burden on the parties, these factors weigh heavily against Defendants and heavily in favor of Plaintiff.

Further, litigating a strict liability case with a primary focus on damages would be a simple matter for any competent forum to handle. This Court is fully capable of expeditiously and efficiently adjudicating these claims, and a trial would present no administrative difficulties to the Court or unreasonable delays for the parties.

After carefully weighing all the facts set forth in *Compania Naviera Joanna SA*, the Court finds that the far superior forum lies with this Court, making dismissal of this action in favor of a trial in France unnecessarily costly, burdensome to the physically challenged Plaintiff, and inefficient. Consequently, Defendants' motion to dismiss this action on the ground of *forum non conveniens* is denied.

    C. <u>Defendants' Motion to Dismiss Based on Plaintiff Failing to Name an Allegedly Necessary and Indispensable Party</u>

Defendants argue that this case should be dismissed because Plaintiff did not name ADP as a party defendant under Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) provides

that a "required party" is one without whom "the court cannot accord complete relief among the existing parties" or the absence of the "required party" leaves the existing parties "subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations." Further, Rule 19 applies only if the alleged indispensable party is subject to process. Defendants argue that they have no liability and that the only at fault party is the managing body of the airport, ADP, or its subcontractor GIMAP. (Dkt. No. 12 at 4, 20-22).

Rule 19 does not apply in the situation where the defendant claims the plaintiff named the wrong party or in which a party other than the named defendant is liable for the plaintiff's injuries. In such a situation, the named defendant simply asserts its lack of liability as a defense. The named party does not require the presence of any additional party to assert that defense, including a party that it claims is solely liable to the plaintiff. Indeed, it is common for a defendant to assert the so called "empty chair" defense, in which the defendant blames an absent, unnamed party for the plaintiff's injuries.

Additionally, the fact that more than one party may have liability for a plaintiff's injuries does not require the plaintiff to name every potentially culpable party. As Plaintiff noted in her response in opposition to the motion to dismiss, she can fully recover her damages under the strict liability provision of the Montreal Convention against Defendants and finds no need to pursue claims against other parties. (Dkt. No. 15 at 21).

Defendants have failed to provide any evidence that the absence of ADP prevents the court from providing complete relief among the existing parties or exposes Defendants to multiple or inconsistent obligations. Consequently, Defendants' motion for dismissal under Rule 19 is denied.

    D. <u>Defendants' Motion to Dismiss based upon a Failure to State a Claim under the Montreal Convention</u>

Article 17 of the Montreal Convention provides that a "carrier is liable for damage sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." It is well settled that the "Montreal Convention imposes strict liability for injuries that are compensable under Article 17(1)" up to the amount of Special Drawing Rights. *Sensat v. Southwest Airlines Co.*, 363 F. Supp. 3d 815, 818 (E.D. Mich. 2019).

The Complaint asserts jurisdiction under the Montreal Convention and sets forth facts sufficient to state a claim under Article 17. (Dkt. No. 1 at 2-4). These allegations are sufficient to state a claim under Article 17 of the Montreal Convention.[2]

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 12) is **DENIED**.

                                      s/ Richard Mark Gergel
                                      Richard Mark Gergel
                                      United States District Judge

October 30, 2025
Charleston, South Carolina

---

[2] Defendants correctly point out that Plaintiff's common law tort claims are preempted by Article 17 of the Montreal Convention. Therefore, Plaintiff is directed to file an amended complaint which removes any reference to state common law claim. The fact that the Complaint included common law claims is not a basis to dismiss this action where the Complaint clearly states a claim under Article 17 and expressly invokes the jurisdiction of the Montreal Convention.